UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | No. 24-2361 |
| BIGFOOT ENERGY SERVICES, LLC, ET AL. | SECTION I |

ORDER AND REASONS

Before the Court is defendants Bigfoot Energy Services, LLC's ("Bigfoot") and Iron Mountain Energy, LLC's (collectively, "defendants") motion[1] to compel conciliation and to stay litigation in the above-captioned matter. Plaintiff the U.S. Equal Employment Opportunity Commission ("EEOC") filed a response[2] in opposition. Defendants filed a reply.[3] For the reasons that follow, the Court denies defendants' motion.

I. BACKGROUND

This case is a Title VII enforcement action brought by the EEOC with the stated purpose "to correct unlawful employment practices on the basis of race, sex, and retaliation, and to provide appropriate relief to Anjuana Cherry, Bradley May, and similarly aggrieved employees."[4] The EEOC alleges that defendants "subjected Ms. Cherry and similarly aggrieved employees to a hostile work environment because

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 9.
[3] R. Doc. No. 10.
[4] R. Doc. No. 1, at 1.

of sex (female) and/or race (Black); and subjected Mr. May and similarly aggrieved individuals to retaliation for opposing Defendant's hostile work environment or otherwise engaging in activity protected by Title VII."[5]

In November 2020 and May 2021 respectively, Mr. May and Ms. Cherry filed charges with the EEOC alleging that defendants violated Title VII.[6] On March 27, 2023, the EEOC issued letters of determination to defendants stating that that the EEOC had found reasonable cause to believe that defendants violated Title VII.[7] These letters invited defendants to engage in informal methods of conciliation with the EEOC to endeavor to eliminate the unlawful employment practices and provide appropriate relief.[8] The letters of determination requested that the defendants email the EEOC within seven days if they wished to participate in conciliation.[9]

Because Title VII provides that the details of communications between the parties in conciliation may not be used as evidence in subsequent proceedings, 42 U.S.C. § 2000e-5(b), the parties have not attached copies of conciliation-related materials to their filings.[10] Instead, the parties submit declarations by persons

---

[5] *Id.*
[6] R. Doc. No. 9-2; R. Doc. No. 9-4. Mr. May amended his charge in March 2021. R. Doc. No. 9-3.
[7] R. Doc. No. 9-6; R. Doc. No. 9-7.
[8] R. Doc. No. 9-6, at 2; R. Doc. No. 9-7, at 2.
[9] R. Doc. No. 9-6, at 2; R. Doc. No. 9-7, at 2.
[10] The Court notes that defendants have asked this Court to review the relevant conciliation emails *in camera* to resolve a dispute about whether the emails were "detailed" or not. *See* R. Doc. No. 10, at 2 n.2. However, because defendants plainly state that they do not challenge the substance of the EEOC's conciliation efforts, *see* R. Doc. No. 8-1, at 8, the Court sees no reason to review the substance of the parties' conciliation emails.

involved, which describe the nature of conciliation efforts. Defendants submit an unsworn declaration[11] by Haag Sherman, one of Bigfoot's owners,[12] describing the conciliation process that occurred. The EEOC submits a declaration by Michael Kirkland, field director of the New Orleans EEOC.[13]

Mr. Sherman's declaration states that on July 10, 2023, the EEOC sent defendants a conciliation proposal via email, which outlined Mr. May's and Ms. Cherry's claims along with the claims of other claimants.[14] Bigfoot sent a counterproposal on July 21, 2023.[15] Defendants state that the EEOC responded on July 25, 2023 but did not offer to hold a conference as part of the conciliation efforts.[16] Bigfoot then sent a letter requesting an in-person meeting with the EEOC to discuss the claims and attempt to resolve the matter.[17] The EEOC sent an email to Bigfoot on August 14, 2024 in which it did not grant the request for an in-person meeting.[18]

Mr. Sherman's declaration then states that Bigfoot sent a letter to the EEOC on August 28, 2023 informing the EEOC that Robert Sherman, one of defendants' owners,[19] had terminal brain cancer and again requesting a meeting to resolve the matter.[20] The EEOC allegedly did not grant a meeting or conference and concluded

---

[11] R. Doc. No. 8-2.
[12] R. Doc. No. 8-1, at 3.
[13] R. Doc. No. 9-1, ¶ 1.
[14] R. Doc. No. 8-2, ¶ 7.
[15] *Id.* ¶ 9.
[16] *Id.* ¶ 10.
[17] *Id.* ¶ 11.
[18] *Id.* ¶ 12.
[19] R. Doc. No. 8-1, at 2–3.
[20] R. Doc. No. 8-2, ¶ 14.

conciliation.[21] On September 7, 2023, the EEOC sent letters notifying defendants that conciliation had been unsuccessful.[22] The letters stated that no further conciliation efforts would be made and that the EEOC had determined that further conciliation efforts would be futile or nonproductive.[23]

Mr. Kirkland's declaration states that after receiving charges from Mr. May and Ms. Cherry, the EEOC investigated the charges.[24] After issuing its letters of determination concluding that there was reasonable cause to believe that defendants violated Title VII, Kirkland states that the EEOC engaged in written communications with defendants between July 10, 2023 and August 28, 2023 to provide them an opportunity to remedy the discriminatory practices.[25] Mr. Kirkland states that the parties exchanged written offers and counteroffers three times and that defendants informed the EEOC of their best monetary offer.[26] Mr. Kirkland concluded that further conciliation efforts would not result in the EEOC being able to secure a conciliation agreement from defendants that was acceptable to the EEOC.[27] Thereafter, the EEOC issued its notice to defendants that conciliation had been unsuccessful and that future efforts would be futile or nonproductive.[28]

---

[21] *Id.* ¶ 15.
[22] R. Doc. No. 9-8; R. Doc. No. 9-9.
[23] R. Doc. No. 9-8; R. Doc. No. 9-9.
[24] R. Doc. No. 9-1, ¶ 7.
[25] *Id.* ¶¶ 10, 12.
[26] *Id.* ¶ 13.
[27] *Id.*
[28] *Id.* ¶ 14.

In their present motion to stay litigation and compel conciliation, defendants argue that the EEOC did not comply with the requirements in 42 U.S.C. § 2000e-5(b).[29] This provision requires the EEOC, after determining that there is reasonable cause to believe that a charge alleging an unlawful employment practice is true, to "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). Defendants argue that the EEOC never agreed to a conference with defendants and that its efforts merely consisted of "a conciliation proposal followed by a series of cursory emailed settlement demands."[30] On this basis, defendants request that the Court order the parties to participate in a settlement conference with the Magistrate Judge to accomplish the required conciliation.[31]

The EEOC argues that there is no requirement that conciliation be conducted through in-person meetings and that it is undisputed that the parties engaged in written conciliation efforts.[32] The EEOC thereby argues that it has met the "barebones" conciliation requirements as outlined in *Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015), namely (1) notice of the allegations and the affected class and (2) an opportunity to remedy the allegedly discriminatory employment practices.[33]

---

[29] R. Doc. No. 8-1, at 1.
[30] *Id.* at 1–2.
[31] R. Doc. No. 8, at 1.
[32] R. Doc. No. 9, at 1.
[33] *Id.*

## II.     STANDARD OF LAW

Title VII requires that, whenever a charge is filed alleging that an employer engaged in an unlawful employment practice, the EEOC must serve notice of the charge on the employer and conduct an investigation of the charge. 42 U.S.C. § 2000e–5(b). If the EEOC determines after said investigation that "there is reasonable cause to believe that the charge is true," the EEOC must "endeavor to eliminate" the "alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* The EEOC may bring a civil action once it is "unable to secure from the respondent a conciliation agreement acceptable to the Commission." *Id.* § 2000e–5(f)(1). Conciliation, therefore, is "a necessary precondition to filing a lawsuit." *Mach Mining*, 575 U.S. at 486. However, "[t]he statute leaves to the EEOC the ultimate decision whether to accept a settlement or instead to bring a lawsuit." *Id.* at 483

In *Mach Mining, LLC v. EEOC*, the U.S. Supreme Court held that while a court may review whether the EEOC has satisfied its statutory obligation to attempt conciliation before filing suit, "the scope of that review is narrow." 575 U.S. at 483. Judicial review of conciliation is limited to ensuring that the EEOC "inform[s] the employer about the specific allegation" and "engage[s] the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id.* at 494. "Judicial review of those requirements (and nothing else) ensures that the [EEOC] complies with the statute." *Id.*

This "relatively barebones review allows the EEOC to exercise all the expansive discretion Title VII gives it to decide how to conduct conciliation efforts and when to end them." *Id.* Indeed, the Supreme Court insisted that Congress intended to afford the EEOC flexibility in how to carry out its conciliation efforts. *Id.* at 492. The attempt to remedy an allegedly unlawful employment practice "need not involve any specific steps or measures," and the EEOC can use whatever informal means of conciliation that it deems appropriate. *Id.* "Congress left to the EEOC such strategic decisions as whether to make a bare-minimum offer, to lay all its cards on the table, or to respond to each of an employer's counter-offers" as well as decisions regarding "the pace and duration of conciliation efforts, the plasticity or firmness of its negotiating positions, and the content of its demands for relief." *Id.*

### III.  ANALYSIS

The parties do not dispute the essential facts of what actions were taken during conciliation. Instead, the parties' disagreement concerns what actions conciliation requires. Defendants state that they challenge the process of conciliation, but they do not challenge the substance of those efforts.[34] Namely, defendants argue that the EEOC is required to hold some type of conference or meeting that allows oral communication as part of their efforts.[35] The EEOC, however, argues that written communications are sufficient to meet its conciliation requirements.[36]

---

[34] R. Doc. No. 8-1, at 8.
[35] *Id.* at 8–11.
[36] R. Doc. No. 9, at 4–7.

7

Defendant's argument is squarely foreclosed by *Mach Mining*, which provides that courts should review nothing more than whether the EEOC provided (1) notice of the specific allegations and (2) and "engage[d] the employer in some form of discussion (*whether written or oral*), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *See Mach Mining*, 575 U.S. at 494 (emphasis added). *Mach Mining* specifically states that the EEOC can use "whatever 'informal' means of 'conference, conciliation, and persuasion' it deems appropriate." *Id.* at 492.

It is undisputed that the parties engaged in written communications in which defendant was given the opportunity to remedy the allegedly discriminatory employment practices. Defendants' stated grievance that they only received a "conciliation proposal followed by a series of cursory emailed settlement demands"[37] is nonetheless an admission of this fact.

Because the EEOC can use whatever informal means of conciliation that it deems appropriate,[38] it was not required to hold an in-person conference or meeting with defendants. Purely written discussions were sufficient to meet the EEOC's conciliation requirement. Indeed, other courts have determined that written communications alone are sufficient to show that the EEOC engaged in some form of discussion to give a defendant an opportunity to remedy its allegedly discriminatory

---

[37] R. Doc. No. 8-1, at 1–2.
[38] *See Mach Mining*, 575 U.S. at 492.

practice.[39] Defendants' motion to stay litigation and compel conciliation must therefore be denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that defendants' motion to stay litigation and compel conciliation is **DENIED**. Absent agreement, defendants may re-urge their request for an early settlement conference after the parties have exchanged Rule 26 initial disclosures.

New Orleans, Louisiana, February 3, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[39] *See, e.g.*, *EEOC v. Am. Flange*, No. 21 C 5552, 2023 WL 4818185, at *9 (N.D. Ill. July 27, 2023) (accepting an email thread as sufficient proof that the conciliation requirement was met); *EEOC v. Chipotle Servs., LLC*, No. CV 23-2439-KHV, 2024 WL 4948888, at *14 (D. Kan. Dec. 3, 2024) (holding that a challenge to the sufficiency of conciliation efforts in a series of email exchanges was beyond the scope of judicial review).